In re Matthew L. FANDETTI and
Carole M. Fandetti, Debtors.

Flora FANDETTI, Matthew L. Fandetti,
and Carole M. Fandetti, Plaintiffs,

v.

CITIZENS SAVINGS BANK, FSB, Capital Resources Corporation, Ready Capital Corporation, First Jersey Savings & Loan Association, EMT Associates, and Avram Cohen, Trustee, Defendants.

Bankruptcy No. 8600576.

Adv. No. 870031.

United States Bankruptcy Court,
D. Rhode Island.

July 21, 1987.

John Boyajian, Boyajian, Coleman & Harrington, Providence, R.I., for plaintiffs.

Avram Cohen, Providence, R.I., trustee.

Robert Huseby, Licht & Semenoff, Providence, R.I., for Citizens Bank.

Thomas Hefner, Greenville, R.I., for EMT Associates.

John P. Toscano, Jr., Westerly, R.I., for Ready Capital Corp.

## ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on June 29, 1987, on the plaintiffs' (debtors)' complaint for a temporary restraining order to prevent the real estate closing and distribution of proceeds from the sale of their residence, which was purchased at public foreclosure sale on April 15, 1987 by EMT Associates for $92,000. Plaintiff Flora Fandetti, the largest (alleged) unsecured creditor, objects (most belatedly) to the distribution, because the price obtained at foreclosure is inadequate and will produce nothing for general creditors. Plaintiffs allege that the property is worth substantially more than the sale price, and have submitted affidavits and an appraisal valuing the subject property at $160,000. EMT Associates, the successful bidder at the foreclosure sale, concedes that its realtor valued the property in excess of $125,000. Even this lower valuation is $33,000 in excess of what the property brought at foreclosure.

After considering the affidavits and the arguments, the following findings of fact and conclusions of law are made, pursuant to Bankruptcy Rule 7052 and Fed.R.Civ.P. 52:

(1) Neither EMT Associates, the purchaser, nor Citizens Bank, holder of the first mortgage, object to the relief sought. Capital Resources Corporation, the foreclosing creditor, was neither present nor represented at the hearing, although duly notified. Considering all of the circumstances, especially the wide disparity between the foreclosure sale price and the alleged value of the said property, the request for a temporary restraining order is granted and the defendants are enjoined from going forward with the closing and distribution of funds.

(2) This Court's order of March 2, 1987 granting relief from stay to Citizens Bank and to Capital Resources Corp., holder of the second mortgage, is vacated, and the trustee is ordered to return to EMT Associates its deposit in the amount of $5,000, which was paid at the April 15 sale. Also,

EMT Associates may submit to the Court an itemization of its expenses, including attorneys fees, incurred in connection with the foreclosure and the ensuing motions. After review, EMT's reasonable expenses and attorney's fees shall be paid forthwith by the debtors, as an express condition of the granting of the relief sought herein by the debtors.

(3) Avram Cohen, Esq. is removed as trustee. In removing Mr. Cohen, we make no finding that he has done anything improper. However, although he may have perceived no conflict of interest at the time, certain actions taken by Mr. Cohen on behalf of the foreclosing creditor give the appearance of a conflict of interest vis-a-vis his duties as trustee. In the interest of all the parties, including Mr. Cohen, the United States Trustee is ordered to appoint a successor trustee forthwith.

(4) The successor trustee is ordered to take immediate steps to list the property, in order to effectuate an expeditious sale. If the trustee has not sold the property or has not made substantial progress toward completing a sale within thirty days after the date of this order, the trustee is ordered to sell the property at public sale forthwith, once and for all, to the highest bidder.